CASE 60.—DIVORCE PROCEEDINGS BY LUCRETIA SHARP
AGAINST J. N. SHARP—March 11, 1910.

## Sharp v. Sharp

Appeal from Whitley Circuit Court.

W. T. DAVIS, Judge.

From a judgment on rule to show cause, complainant appeals.—Reversed.

Divorce—Decree—Alimony—Failure to Dispose of Property.—A decree for divorce gave to the wife the possession of a house and lot for life, as alimony, and provided for monthly payments in the support of the children. No disposition of the furniture in the house was made, and, though the husband made monthly payments, he made no claim to the furniture. Held, on a rule to show cause why the husband should not pay monthly payments due, that he could not be allowed credit for the furniture kept by the wife, as she had a right to assume that it was given to her with the house, and as it would be assumed that the court intended to give it to her.

B. B. GOLDEN for appellant.

A. T. SILER, H. C. FAULKNER and EDELEN & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Reversing.

The appellant was divorced from appellee, her former husband, by judgment of the Whitley circuit court. The judgment also gave appellant, as alimony, the possession and use for life of a house and lot in Williamsburg, and required appellee to pay her $2,500 in money for her own use, and $75 per month for the support of their two infant children, who were

left in appellant's custody.   At a subsequent term, the court, after due notice to appellee, on appellant's motion, redocketed the case in which the judgment referred to was rendered, and issued a rule against appellee requiring him to show cause why he should not be required to pay appellant $530 of the allowance of $75 per month for the support of the children, which her affidavit, filed in support of the motion for the rule, alleged was unpaid.   Appellee filed a response to the rule in which he denied any indebtedness for the support of the children, and alleged the payment in full to appellant of the allowance he was required by the judgment to pay for the support of the children.   The court referred the matter to the master commissioner who took proof and reported appellee indebted to appellant for the support of the children in the sum of $634.84.   The court sustained certain of the exceptions filed by appellee to the report, and found that his indebtedness was only $159.84, for which amount appellant was given judgment against him.   Appellant complains of that judgment and has appealed.

So far as the cash payments claimed to have been made by appellee are concerned, we find his statement thereof sustained by the checks filed with the commissioner's report and the testimony of the cashier of the bank upon which they were drawn. There were also other payments made by appellee, and which the court allowed, that we think were sufficiently established by the evidence.   But our examination of the evidence convinces us that the court erred in allowing appellee credit by the item of $300 for household goods he claims were improperly retained by appellant following the judgment for divorce.   It appears that these household effects, con-

sisting of beds, furniture, etc., were used by appellant and appellee before their separation, and that they remained in the house of which she was given the use and possession for life by the judgment of divorce. The judgment for divorce made no disposition of this property. Appellant, however, in view of the silence of the judgment on this subject, the fact that the property was allowed to remain in the house and in her possession, and the further fact that appellee seemed to recognize it as hers and made no claim to it until the rule in this proceeding was awarded against him, had the right to assume that the property was given to her with the house. Besides, the property in question was as much needed for her use as was the house, and we are authorizd to assume that the court intended she should have it. We therefore conclude that appellee is not entitled to the property or credit for its value.

We are also satisfied that the items making up the credit of $100 with which appellee is credited in the judgment should have been disallowed. In other respects the judgment seems to be correct, but on account of the errors indicated, the judgment is reversed and cause remanded, with directions to the circuit court to enter a judgment in conformity to the opinion.